UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID W. STANGER, JR.,<br><br>                    Petitioner,<br><br>     v.<br><br>STATE OF IDAHO and WARDEN YORDY,<br><br>                    Respondents. | Case No. 1:15-cv-00128-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner David W. Stanger, Jr.'s Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondents have filed a Motion for Summary Dismissal, which is now ripe for adjudication. (*See* Dkt. 13, 15.)

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 11.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case. Claims 1, 2, and 3 will be dismissed with prejudice. Claim 4 will be dismissed without prejudice to Petitioner's ability to raise the claim in a civil rights action filed under 42 U.S.C. §1983.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

In 2009, Petitioner pleaded guilty in the Third Judicial District in Canyon County, Idaho, to three counts of sexual battery of a minor child sixteen or seventeen years of age, in violation of Idaho Code 18-1508A. (State's Lodging B-4 at 1.) He was sentenced to concurrent unified sentences of life imprisonment with fifteen years fixed. (*Id.*) Petitioner pursued a direct appeal as well as state postconviction remedies.

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

| | |
|---|---|
| Claim 1: | Ineffective assistance of Randall S. Grove, Petitioner's attorney during his successive state postconviction proceedings, based on Grove's failure to obtain Petitioner's mental health records. |
| Claim 2: | Ineffective assistance of postconviction counsel based on Grove's failure to file a timely appeal from the dismissal of Petitioner's successive postconviction petition. |
| Claim 3: | Ineffective assistance of postconviction counsel based on Grove's failure to obtain information from individuals identified by Petitioner or to communicate with Petitioner or Petitioner's family. |
| Claim 4: | Inadequate medical and mental health care in prison throughout the year 2014. |

(Pet., Dkt. 3.)

# DISCUSSION

Respondents argue that none of Petitioner's claims are cognizable in this habeas corpus action, that all of the claims are procedurally defaulted, and that the Petition is

**MEMORANDUM DECISION AND ORDER - 2**

barred by the statute of limitations. Because the Court agrees that Petitioner's claims are not cognizable on federal habeas review, it need not address Respondents' other arguments.

1.     **Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[1] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2.     **None of Petitioner's Claims Is Cognizable on Federal Habeas Review**

   A.     *Claims 1, 2, and 3: Ineffective Assistance of Postconviction Counsel Randall S. Grove*

In Claims 1, 2, and 3, Petitioner alleges that one of his attorneys, Randall S. Grove, rendered ineffective assistance while representing Petitioner. Attorney Grove was Petitioner's lawyer during Petitioner's successive state postconviction proceedings; Grove did not represent Petitioner in the trial court or on direct appeal, nor was Grove the attorney of record in Petitioner's initial state postconviction proceedings. (*See* Dkt. 3-1 at

---

[1]     The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondents on June 24, 2015. (Dkt. 12.)

**MEMORANDUM DECISION AND ORDER - 3**

1-2; State's Lodging E-4 at 6; E-6 at 6; E-7 at 2; *see also* State's Lodging A-1 at 59, 64-65, 68-74; A-2; A-3; B-1; B-4; C-1 at 35-37, 43-44, 46-47, 124-27; C-2; C-3; D-1; D-2; D-3.)

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, a petitioner does *not* have a federal constitutional right to the effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).[2] Therefore, Claims 1, 2, and 3—all of which assert that Petitioner's successive postconviction counsel rendered ineffective assistance—are not proper subjects of federal habeas review and must be dismissed.

### B. Claim 4: Inadequate Medical or Mental Health Care

Claim 4 asserts that Petitioner has medical and mental health problems, that he has suffered from these problems "throughout the year of 2014," and that he almost died on two separate occasions. Petitioner asserts that the prison has not been providing him with adequate medical or mental health care.

As noted above and in the Court's Initial Review Order (Dkt. 8 at 3-4), federal habeas relief extends to a person in custody under a state court judgment whose

---

[2] This longstanding rule was not altered by the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In that case, the Court held that, as an equitable matter, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. However, the Supreme Court has not wavered from its declaration in *Finley* that "a defendant has no federal constitutional right to counsel . . . when attacking a conviction that has long since become final upon exhaustion of the appellate process." 481 U.S. at 555.

**MEMORANDUM DECISION AND ORDER - 4**

conviction or sentence violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 498-99). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Badea*, 931 F.2d at 574.

In *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003), the Ninth Circuit stated that "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," a civil rights action would be proper, but "habeas jurisdiction is absent." Some cases, however, fall in a gray area between habeas and civil rights. The year after *Ramirez* was decided, the Ninth Circuit permitted a claim challenging the timing of parole hearings to go forward in a habeas corpus action. *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). In *Docken*, the court surveyed the case law and explained that while the law was generally well-developed regarding when constitutional claims must be raised in a habeas corpus proceeding instead of under § 1983, much less had been said about whether claims that touch on prison conditions may be raised on habeas. *Id.* at 1027-30. The court held that "when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, *could*

**MEMORANDUM DECISION AND ORDER - 5**

potentially affect the duration of their confinement, such relief is available under the federal habeas statute." *Id.* at 1031.

Here, Petitioner does not include any allegations in his Petition that would support a reasonable inference that the allegedly inadequate treatment he received in 2014 had any effect on his 2009 sexual battery convictions or on the sentences he is currently serving. The remedy for Petitioner's allegedly inadequate treatment would be an order requiring prison officials to alleviate the unconstitutional conditions (injunctive relief) or to compensate Petitioner (damages), not outright release from prison. As noted in *Ramirez*, such a claim is not cognizable in a habeas corpus proceeding. Therefore, Claim 4 must be dismissed.

## CONCLUSION

None of Petitioner's claims are cognizable in this federal habeas corpus action, and thus the Petition must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and this entire action is DISMISSED. Claims 1, 2, and 3 of the Petition are dismissed *with prejudice*. Claim 4 of the Petition is dismissed *without prejudice* to Petitioner's ability to assert that claim in a civil rights action under 42 U.S.C. §1983.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

**MEMORANDUM DECISION AND ORDER - 6**

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: **January 19, 2016**

_/s/ Ronald E. Bush_

Honorable Ronald E. Bush
United States Magistrate Judge